UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
------------------------------------------------------------------------x
AMY SLOUGH

                                   Plaintiff,

   -v.-

FMS INC.

                                  Defendant.
------------------------------------------------------------------------x

Case No:

**COMPLAINT**

Plaintiff Amy Slough ("Plaintiff"), by and through her attorneys, the Law Offices of Marina Dzhamilova, PLLC, as and for her Complaint against FMS Inc. ("Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violations of section 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff, a natural person, is and was at all times relevant to this action a resident of the State of Washington, County of Pierce, residing at 2813 N Warner Street, Tacoma, WA 98407.

1

3. Defendant is and was at all times relevant to this action a business corporation, with an address at 4915 South Union Avenue, Tulsa, OK, 74107.

4. Defendant is a business the principal purpose of which is the collection of consumer debts, and/or Defendant regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due to third party creditors, and therefor is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA.

11. Defendant reported the Alleged Debt on the Plaintiff's credit report.

12. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on January 20, 2016.

13. Plaintiff examined her credit report again on March 21, 2016 and found that Defendant had re-reported the credit account to the bureau(s) in February 2016.

14. When Defendant re-reported the credit account after it received Plaintiff's dispute letter, Defendant failed to list the account as "disputed by consumer" despite being required to do so by the FDCPA.

15. Furthermore Plaintiff examined her report again on April 24, 2016 and found that Defendant had re-reported the credit account to the bureau(s) in April 2016.

16. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

18. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

19. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA;

e) An injunction against Defendant's unlawful practices; and

f) For any such other and further relief as this Court may deem just and proper.

Dated: August 31, 2016

*/s/Marina Dzhamilova*
**Law Offices of
Marina Dzhamilova, PLLC**
By: Marina Dzhamilova, Esq.
6628 212th St. SW, Ste. 206
Lynnwood, WA 98036
Phone: 425-563-6700
mdzhamilova@hotmail.com